UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JESSE KENNEDY,                              Case No. 2:19-cv-10458

                Plaintiff,

vs.

ARBOR PROFESSIONAL
SOLUTIONS, INC.

                Defendant.

---

## DEFENDANT ARBOR PROFESSIONAL SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

NOW COMES Defendant, Arbor Professional Solutions, Inc. ("APS"), by and through its counsel, and hereby states its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint and Jury Demand, as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 15 U.S.C. 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

### ANSWER:

**Admitted.**

2.      This is an action brought by consumers for violation of the Fair Credit

Reporting Act, 15 U.S.C. §1681 et. seq. ("FCRA") and the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**ANSWER:**

**Admitted only that Plaintiff has asserted claims against Defendant. Denied that Plaintiff's claims have any merit or that Plaintiff is entitled to any relief.**

3.     The transactions and occurrences which give rise to this action occurred in Oakland County Michigan.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

4.     Venue is proper in the Eastern District of Michigan.

**ANSWER:**

**Admitted.**

## PARTIES

5.     Jesse Kennedy, ("Plaintiff or "Mr. Kennedy"), is a resident of Southfield, Michigan and is a consumer as defined by the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

**ANSWER:**

**Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in this paragraph. Further, to the extent the**

allegations in this paragraph constitute a legal conclusion, no response is required and none is given.

6. Defendant Arbor Professional Solutions, Inc., ("APS") is a furnisher of information as contemplated by the FCRA, 15 U.S.C. §1681s 2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer; and is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6); and is a "collection agency" as this term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

**ANSWER:**

**Admitted only that Defendant in the course of its business furnishes information to one or more consumer reporting agencies. The allegations in this paragraph are denied in all other respects. Further, to the extent the allegations in this paragraph constitute a legal conclusion, no response is required and none is given.**

**GENERAL ALLEGATIONS**

7. Mr. Kennedy while at home on Friday October 14, 2016, suffered a medical emergency.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the**

**truth of the allegations in this paragraph.**

8.      The City of Southfield Fire Department via EMS provided medical treatment to Mr. Kennedy at his home.

**ANSWER:**

**Admitted only that Plaintiff received treatment from the City of Southfield Fire Department. Defendant lacks sufficient knowledge and information to form a belief as to the truth of any remaining allegations in this paragraph.**

9.      After the medical treatment, Mr. Kennedy provided his Blue Cross/Blue Shield insurance card for payment of the medical treatment.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

10.     In July of 2017, when reviewing his credit reports from the three major credit reporting agencies (Equifax, Experian, and Transunion), Mr. Kennedy noticed a negative entry from Defendant APS.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

11.     The negative entry listed the City of Southfield Fire Department for an amount of $300.00.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

12.     In August of 2017, Mr. Kennedy contacted all three major credit reporting agencies (Equifax, Experian, and Transunion) to dispute the above referenced error.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

13.     Defendant APS received the disputes from the credit bureaus and then wrongly verified the inaccurate information with the credit bureaus and failed to delete the trade line.

**ANSWER:**

**Denied as untrue.**

14.     Both Equifax and Transunion have removed the negative entry of the City of Southfield Fire Department in the amount of $300.00.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

15.     Defendant APS continues to list City of Southfield Fire Department

on Mr. Kennedy's Experian credit report.

**ANSWER:**

**Denied that APS "lists" anything on Plaintiff's Experian credit report, as Defendant did not prepare, and has no responsibility for preparing, Plaintiff's Experian credit report. To the extent the allegations in this paragraph mean to allege that Experian continues to list City of Southfield Fire Department on Plaintiff's Experian credit report, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.**

16.   Upon information and belief, Defendant APS did not request a deletion.

**ANSWER:**

**Admitted.**

17.   As a result of the negative and inaccurate credit reporting, Mr. Kennedy's credit score and credit reputation were adversely affected and he was denied credit.

**ANSWER:**

**Denied that Defendant made an inaccurate credit report. With respect to all remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of such allegations.**

18.   Defendant APS was required to conduct an investigation into this

specific account on Mr. Kennedy's consumer report pursuant to 15 U.S.C. §1681i.

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

19.     Defendant APS failed to conduct a reasonable investigation and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

**ANSWER:**

**Denied as untrue.**

20.     Defendant APS failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report.

**ANSWER:**

**Denied as untrue.**

21.     The false information was and continues to be furnished by Defendant APS.

**ANSWER:**

**Denied as untrue.**

22.     Defendant APS failed to reasonably reinvestigate under 15 U.S.C. § 1681s 2(b) and this failure was willful and wrongly verified the inaccurate

information.

**ANSWER:**

**Denied as untrue.**

23.    As a result of Defendant APS's willful failure to abide by 15 U.S.C. §
1681s 2(b), Plaintiff has suffered and continues to suffer monetary damages and
inability to procure credit at a favorable rate, and/or denial of credit, as well as
damage to credit reputation, attorney fees and costs.

**ANSWER:**

**Denied as untrue.**

24.    Plaintiff seeks equitable damages, including correction or deletion of
the subject trade line from Plaintiff's credit reports, along with money damages,
both actual and statutory, in whatever amount the jury finds Defendants liable plus
attorney fees, litigation costs and court costs.

**ANSWER:**

**Admitted only that Plaintiff seeks the relief stated. Denied that Plaintiff's
claims have any merit or that Plaintiff is entitled to any relief.**

25.    Defendant APS violated the law as detailed below.

**ANSWER:**

**Denied as untrue.**

**COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

26.    Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant's responses to the referenced paragraphs are reasserted and incorporated herein by reference.**

27.    Defendant APS was required under 15 U.S.C. § 1681s 2(b), to respond to the request for reinvestigation initiated by Plaintiff through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade line and providing accurate information to the credit reporting agencies regarding that trade line.

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

28.    In the event that Defendant APS was unable to verify the information, which it had reported, they were required to advise the credit reporting agency of this fact.

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

29.    Following the reinvestigation, APS reported the erroneous credit

9

information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. §

1681s 2(b).

**ANSWER:**

**Denied as untrue.**

30.    Following the reinvestigation, Defendant APS reported the erroneous

credit information and consciously avoided knowing that the credit information

was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s 2(b).

**ANSWER:**

**Denied as untrue.**

31.    Following the reinvestigation, Defendant APS reported credit

information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. §

1681s 2(b).

**ANSWER:**

**Denied as untrue.**

32.    Defendant APS willfully refused to properly put in place adequate

procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation

of 15 U.S.C. §§ 1681s 2(b) and 1681n.

**ANSWER:**

**Denied as untrue.**

33.    In the alternative, Defendant APS negligently failed to put in place

procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s 2(b) and 168o.

**ANSWER:**

**Denied as untrue.**

34.    Defendant APS willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s 2(b) and 1681n.

**ANSWER:**

**Denied as untrue.**

35.    In the alternative, Defendant APS negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting dispute in violation of 15 U.S.C. §§ 1681s 2(b) and 168io.

**ANSWER:**

**Denied as untrue.**

36.    Plaintiff has suffered damages as a result of these violations of the FCRA, in an amount to be determined by the Court.

**ANSWER:**

**Denied as untrue.**

## <u>COUNT II – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

37.    Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant's responses to the referenced paragraphs are reasserted and incorporated herein by reference.**

38.    At all relevant times Defendant APS, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

**ANSWER:**

**Admitted.**

39.    Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

40.    Defendant APS is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

41.    Defendant APS's foregoing acts as described more fully herein of

12

illegally attempting to collect this debt violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1), amongst others.

**ANSWER:**

**Denied as untrue.**

42.    Defendant APS's continued false statement on Plaintiff's Experian credit report has left him not knowing his rights under the FDCPA.

**ANSWER:**

**Denied as untrue.**

43.    Plaintiff has also suffered actual damages, economic damages, emotional damages, general damages and statutory damages as a result of these violations of the FDCPA.

**ANSWER:**

**Denied as untrue.**


**COUNT III - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE**

44.    Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant's responses to the referenced paragraphs are reasserted and incorporated herein by reference.**

45.     Defendant APS is a "collection agency" as this term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

46.     Plaintiff is a "debtor" as that term is defined in M.C.L. § 339.901(f).

**ANSWER:**

**The allegations in this paragraph constitute a legal conclusion, to which no response is required and none is given. To the extent a response is required, the allegations in this paragraph are denied as untrue.**

47.     Defendant APS's foregoing acts in attempting to collect this debt violated M.C.L. § 339.915.

**ANSWER:**

**Denied as untrue.**

48.     Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

**ANSWER:**

**Denied as untrue.**

49.     These violations of the Michigan Occupational Code by Defendant

Oliphant [sic] were willful.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of any allegations regarding "Defendant Oliphant." To the extent this paragraph purports to assert allegations against Defendant APS, those allegations are denied as untrue.**

## COUNT IV – DEFAMATION

50.     Plaintiff incorporates the preceding allegations by reference.

**ANSWER: Defendant's responses to the referenced paragraphs are reasserted and incorporated herein by reference.**

51.     Defendant APS caused to be published one or more written false statements which were intended to impeach Plaintiff's honesty, integrity, credit worthiness and/or reputation.

**ANSWER:**

**Denied as untrue.**

52.     The defamatory statements were not accurate, including, but not limited to, the following:

a.     That Plaintiff had a derogatory collection account with City of Southfield.

**ANSWER:**

**Denied as untrue.**

53.    Plaintiff is not a public figure.

**ANSWER:**

**Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

54.    The statements imputed by Defendant APS to the public through the three major credit reporting agencies represents a slur on Plaintiff's character by Defendant, including his honesty, integrity, virtue, or reputation, and credit worthiness.

**ANSWER:**

**Denied as untrue.**

55.    The defamatory statements resulted in damages to Plaintiff.

**ANSWER:**

**Denied as untrue.**

Respectfully submitted,

VARNUM LLP
Attorneys for  Defendant

Dated:  June 13, 2019                By:  */s/ Jeffrey D. Koelzer*
                                       Randall J. Groendyk (P37196)
                                       rjgroendyk@varnumlaw.com
                                       Steven T. Buquicchio (P62076)
                                       stbuquicchio@varnumlaw.com

Jeffrey D. Koelzer (P78602)
jdkoelzer@varnumlaw.com
VARNUM LLP
Bridgewater Place, P.O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant Arbor Professional Services, Inc., ("Defendant") by and through its attorneys, VARNUM LLP, and states the following affirmative defenses:

1.      Plaintiff lacks standing as he has suffered no injury-in-fact as the result of any act or omission by Defendant.

2.      Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

3.      The alleged act or omission of Defendant giving rise to Plaintiff's FDCPA claims, which Defendant denies occurred, was not intentional and was the result of a bona fide error notwithstanding responsible procedures implemented by Defendant to avoid any such error.

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate his alleged damages, if any.

5.      Any damages sustained by Plaintiff, which Defendant denies exist, were not proximately caused by any act or omission of Defendant.

6.      If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

7.    Defendant asserts that Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of consent, estoppel, waiver, unclean hands, laches or other equitable doctrines.

8.    Plaintiff has failed to state a claim upon which relief may be granted.

9.    As Plaintiff's claims are brought in bad faith or for harassment, or to multiply the proceedings, Defendant seeks attorney's fees against Plaintiff and/or Plaintiff's counsel pursuant to FDCPA § 1692k(a)(3) and/or 28 U.S.C. § 1927.

10.    Defendant reserves the right to add to or amend this list of defenses up to and including the time of trial.

Wherefore, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as may be just and equitable.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 13, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send the notification of such filing to counsel of record.

By:   */s/ Jeffrey D. Koelzer*_____
Jeffrey D. Koelzer

15023409_1.docx