UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE KENNEDY,

        Plaintiff,        CASE NO. 19-10458
                                  HON. DENISE PAGE HOOD
v.

ARBOR PROFESSIONAL SOLUTIONS, INC.,

        Defendant.
                                            /

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#4] AND ALLOWING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

**I.    BACKGROUND**

On January 24, 2019, *pro se* Plaintiff Jesse Kennedy ("Kennedy") commenced this action in the small claims division of the State of Michigan's 46th Judicial District Court in Southfield, Michigan alleging that Defendant Arbor Professional Solutions, Inc. ("Arbor") violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and Sections 806, 807, and 809 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.[1] (Doc # 1) Arbor removed this action to federal court on February 14, 2019. (*Id.*) On February 25, 2019, Kennedy filed a letter in which he sought to amend his Complaint. (Doc # 3) The

---

[1] The Court notes that Kennedy's Complaint consists of his allegations written on what appears to be one of Michigan's 46th Judicial District Court's standard small claims forms.

Court considers Kennedy's letter to be his request to amend his Complaint. The Court now grants Kennedy's request pursuant to Federal Rule of Civil Procedure 15(a)(2), which instructs the Court to "give leave [to amend] freely when justice so requires." Further, the Court finds that Arbor will not be prejudiced in any way by granting Kennedy's request.

On February 28, 2019, Arbor filed a Motion to Dismiss Kennedy's Amended Complaint. (Doc # 4) On March 4, 2019, Kennedy filed a letter in which he responded to Arbor's Motion.[2] (Doc # 6) On March 18, 2019, Arbor filed its Reply. (Doc # 9) This Motion is currently before the Court and a hearing was held on May 1, 2019.

In Kennedy's Amended Complaint, he alleges the following. His claims arose on these dates: October 14-15, 2016, April 25, 2017, December 13, 2018, and January 17-18, 2019. (Doc 3, Pg ID 8) Kennedy alleges that Arbor violated his rights under the FCRA and FDCPA in Southfield, Michigan. (*Id.*) Due to these alleged violations, Kennedy requests that he be awarded $6,000.[3] (Doc # 1, Pg ID 5)

## II. ANALYSIS

### A. Standards of Review

---

[2] The Court considers Kennedy's letter to be his Response.
[3] This request is only stated by Kennedy in his Original Complaint (Doc # 1).

**1. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). This type of motion tests the legal sufficiency of the plaintiff's complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A court, however, need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (*quoting Gregory v. Shelby Cnty.*, 220 F.3d 443, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As the Supreme Court has explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level… ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see LULAC v. Bresdesen*, 500 F.3d 523, 527 (6th Cir. 2007). To survive dismissal, the plaintiff must offer sufficient factual allegations to make the asserted claim plausible

on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### 2. *Pro Se* Litigants

Pleadings drafted by *pro se* litigants are held to a less stringent standard than formal pleadings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court will liberally construe a *pro se* complaint to determine whether it fails to state a claim upon which relief could be granted. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, the "duty to be less stringent with *pro se* complaint[s] does not require [a] court to conjure up unplead allegations." *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989). Accordingly, the Court liberally construes Kennedy's allegations-without creating new ones for him. *See id.*

### B. Defendant's Motion to Dismiss

Arbor argues that Kennedy's FCRA and FDCPA claims should be dismissed pursuant to Fed. R. Civ. P. 8(a) because his Amended Complaint does not contain a short and plain statement of his claims showing that he is entitled to relief. Arbor asserts that Kennedy has not described any actions that it has taken that would allow the Court to find that it violated either statute. Arbor additionally claims that Kennedy's Amended Complaint does not contain any factual allegations that would support Kennedy's claim for $6,000 in damages.

In Response, Kennedy offers the Court facts that support his claims. Kennedy describes events that transpired on the dates mentioned in his Amended Complaint. However, while these facts might be credible, the Court will not consider them because they are stated in Kennedy's Response and not in his Amended Complaint.

The Court finds that Kennedy's FCRA and FDCPA claims must fail because they are bare, lack factual support, and can be classified as labels and conclusions. Kennedy merely mentions the dates on which Arbor allegedly violated the FCRA and FDCPA, and claims that he is owed $6,000 for these alleged violations. Kennedy has failed to articulate why he should prevail with his claims or be compensated for these alleged violations. Even with the Court liberally construing Kennedy's Amended Complaint, it still finds that he has failed to state a claim upon which relief could be granted. *See Jourdan*, 951 F.2d at 110.

**C. Defendant's Request to Amend Complaint**

During the hearing regarding the instant Motion, Kennedy asked for leave to file a second amended complaint. Kennedy alleged that he has recently discovered evidence that would assist him with his case. Kennedy also indicated to the Court that he has retained counsel. The factors that this Court is to consider when determining whether to permit a plaintiff to file an amended complaint are:

> (1) the delay in filing the motion,
> (2) the lack of notice to the other party,

    (3) bad faith by the moving party,
    (4) repeated failure to cure deficiencies by previous amendments,
    (5) undue prejudice to the opposing party, and
    (6) futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court finds that justice requires that Kennedy have the opportunity to amend his Complaint. There are no facts that demonstrate that Kennedy acted in bad faith, and an amendment in this instance would not be futile, especially since Kennedy will have counsel represent him going forward. Further, the Court does not believe that Arbor will be unfairly prejudiced if Kennedy is allowed to amend his Amended Complaint.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant Arbor Professional Solutions, Inc.'s Motion to Dismiss (Doc # 4) and Plaintiff Jesse Kennedy's Request to File Amended Complaint are **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff Jesse Kennedy may file a second amended complaint within 30 days from the date of the hearing that occurred on May 1, 2019. (Plaintiff has since filed a Second Amended Complaint on May 30, 2019 (Doc # 11))

IT IS FURTHER ORDERED that Plaintiff Jesse Kennedy will have 21 days from the date of the hearing that occurred on May 1, 2019 to have counsel file an appearance on his behalf.  (Counsel for Plaintiff has since filed an appearance on May 20, 2019 (Doc # 10))


                                                    s/Denise Page Hood  
                                                    U. S. District Court Judge  
DATED:  June 21, 2019